UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KYOWA HAKKO KIRIN CO., LTD., et al.,

Plaintiffs,

v.

ARAGEN BIOSCIENCE, INC., et al.,

Defendants.

Case No. 16-cv-05993-JD

**ORDER RE MOTION TO SEAL**

Re: Dkt. Nos. 76, 79

In our circuit, in evaluating a motion to seal, two different standards apply depending on whether the request is being made in connection with a dispositive motion or a non-dispositive motion.

For dispositive motions, the historic, "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). This standard presents a "high threshold," and "a 'good cause' showing will not, without more, satisfy" it. *Id.* at 1180 (citations omitted). When ordering sealing in this context, the district court must also "articulate the rationale underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

The non-dispositive motion context is different. There, "the usual presumption of the public's right of access is rebutted," the "public has less of a need for access to court records attached only to non-dispositive motions," and the "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179-80 (citations omitted). In that context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good

1  cause" standard of Federal Rule of Civil Procedure 26(c).  *Id.* at 1180 (quoting Foltz, 331 F.3d at

2  1138).  In either case, however, "[a]n unsupported assertion of 'unfair advantage' to competitors

3  without explaining 'how a competitor would use th[e] information to obtain an unfair advantage'

4  is insufficient."  *Hodges v. Apple, Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D.

5  Cal. Nov. 18, 2013) (quoting *Dunbar v. Google, Inc.*, No. 5:12-cv-003305-LHK, 2012 WL

6  6202719, at *4-5 (N.D. Cal. Nov. 18, 2013)).

7  　　　In our district, in addition to meeting the applicable standard under *Kamakana*, all parties

8  requesting sealing must also comply with Civil Local Rule 79-5, including that rule's requirement

9  that the request must "establish[] that the document, or portions thereof, are privileged, protectable

10  as a trade secret or otherwise entitled to protection under the law," *i.e.*, is "sealable."  Civil

11  L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable

12  material."  *Id.*

## I.    DISCUSSION

14  　　　The pending motion to seal is associated with a non-dispositive motion for leave to amend

15  infringement contentions, so the "good cause" standard applies.

| Dkt. No. | Portion of Document Sealed | Reason for Sealing | Ruling |
|---|---|---|---|
| 75-1 | Pages 2-4 | - Confidential information about cell lines that defendants have developed.<br>- Confidential third-party information, the disclosure of which may violate confidentiality provisions in defendants' agreements with their clients and cause competitive and financial harm to defendants by allowing their competitors insight into defendants' research and development strategies and efforts. | **Granted.** |
| 75-2 | Pages 2-4 | - Confidential information about cell lines that defendants have developed.<br>- Confidential third-party information, the disclosure of which may violate confidentiality provisions in defendants' agreements with their clients and cause competitive and financial harm to defendants by allowing their competitors insight into defendants' research and development strategies and efforts. | **Granted.** |

| Dkt. No. | Portion of Document Sealed | Reason for Sealing | Ruling |
|---|---|---|---|
| 75-1 | Pages 7-10 | - Confidential information about cell lines that plaintiffs and their licensees have developed, including confidential antibody names and targets.<br>- Reveals confidential information regarding third-party licensees of plaintiffs' POTELLIGENT® technology, the disclosure of which may violate confidentiality provisions in plaintiffs' agreements with their licensees and cause competitive and financial harm to plaintiffs by allowing their competitors insight into plaintiffs' research and development strategies and efforts. | **Granted.** |
| 75-2 | Pages 7-10 | - Confidential information about cell lines that plaintiffs and their licensees have developed, including confidential antibody names and targets.<br>- Confidential information about third-party licensees of plaintiffs' POTELLIGENT® technology, the disclosure of which may violate confidentiality provisions in plaintiffs' agreements with their licensees and cause competitive and financial harm to plaintiffs by allowing their competitors insight into plaintiffs' research and development strategies and efforts. | **Granted.** |

**IT IS SO ORDERED.**

Dated: November 7, 2017

JAMES DONATO
United States District Judge

3